Amy Sommer Anderson (STATE BAR NO. 282634)
anderson@aroplex.com
AROPLEX LAW
156 2nd Street
San Francisco, California 94105
Telephone:     415-529-5148
Facsimile:     415-970-5016

Attorney for Plaintiff,
CARLA CAMARGO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLA CAMARGO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MILTON MILTIADOUS, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **LIBEL**<br>2. **INVASION OF PRIVACY**<br>3. **FALSE LIGHT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CARLA CAMARGO ("Camargo" or "Plaintiff"), by and through her attorney,

Amy Sommer Anderson of AROPLEX LAW, for her Complaint against MILTON

MILTIADOUS and DOES 1 through 10 (collectively "Defendants"), alleges on her own

knowledge and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.      This action arises from a number of defamatory statements (the "Statements")

published on the Internet and concerning Plaintiff.

2.      Several of the Statements appeared, and still appear, in Internet postings on the

website www.RipoffReport.com (the "Ripoff Post") published at

AROPLEX LAW
A California Law Practice

COMPLAINT FOR DAMAGES

http://www.ripoffreport.com/r/carla-maria-camargo/morgan-hill-california-/carla-maria-camargo-liar-and-thief-morgan-hill-california-1040573, and in an Internet posting on the website www.ScamExposure.com (the "ScamExposure Post") published at http://www.scamexposure.com/scam-report/carla-maria-camargo-liar-and-thief-morgan-hill-california-c142957.html.

3.      Another Statement appeared in Defendant Miltiadous's Tumblr.com blog at http://milts03.tumblr.com/post/36062842418/oh-money-where-are-thou.

4.      Plaintiff's full name and clearly identifying photograph were published in the Ripoff and ScamExposure Posts. Plaintiff's former employer, Kanda University, was disclosed in each of the above-referenced posts, further establishing Plaintiff's identity.

5.      The Statements falsely and maliciously represent that Plaintiff engaged in wrongful, unlawful and/or unethical acts, including deceiving Defendant and failing to repay a loan.

6.      In likely recognition of the tasteless and defamatory nature of the Statements, Defendant failed to disclose his true identity or any identifying information in connection with the Ripoff and ScamExposure Posts.

7.      The Statements represent the most valueless and reprehensible form of speech, in that they maliciously and intentionally seek to damage or destroy the personal and professional reputations, and career prospects, of Plaintiff, as well as to emotionally harm Plaintiff.

8.      As a result of the Statements, Plaintiff has suffered real and actual loss in the form of reputational damage, shame and mortification, compromised professional opportunities, emotional distress and out-of-pocket remedial costs, among others harms.

AROPLEX LAW
A California Law Practice

9.      This action seeks to hold Defendant accountable for the Statements and to compensate Plaintiff for her losses through an award of general, special and exemplary damages, as well as costs of suit and any other relief deemed just and proper by the Court.

### JURISDICTION

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(4), in that this is a civil action between Plaintiff, a citizen of Brazil, which a foreign state as defined in 28 U.S.C. § 1603(a), and Defendant(s) of unknown citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### VENUE

11.     Venue is proper in this district under 28 U.S.C. § 1391(b)(3), in that Defendant(s) are subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought. Further, venue in this district is proper pursuant to 28 U.S.C. § 1391 because the Statements purported to discuss and describe a person residing in this district, and Defendant committed such wrongful acts with (a) the knowledge that such acts would cause injury and harm in this district, and (b) the intention to cause injury and harm in this district.

### PARTIES

12.     Camargo is an individual who resides in San Francisco, California. Camargo is a citizen of Brazil. Camargo has generally resided in California from February 1, 2012 through the present and was in Brazil during the periods: October 26, 2013 to March 17, 2014 and from May 30, 2014 to July 16, 2014.

13.     On information and belief, Defendant Miltiatous is a citizen of Australia and a resident of Tokyo, Japan.

AROPLEX LAW
A California Law Practice

COMPLAINT FOR DAMAGES          - 3 -

14.     The true names and capacities, whether corporate, associate, individual or otherwise, of DOES 1 through 10 (collectively, "Defendants DOE" or "DOES") are unknown to Plaintiff, who therefore sues such DOES by use of fictitious names. Each of the defendants designated herein as a DOE is legally responsible in some manner for the wrongful acts and for the injury and damage to Plaintiff herein alleged. Plaintiff will seek leave of Court to amend this Complaint to show the true names and capacities of DOES once such names and capacities have been ascertained.

15.     At all times mentioned in this complaint, unless otherwise specifically alleged, each of DOES was the agent, partner, employee, conspirator and/or aider-and-abettor of every other defendant, and in doing the acts alleged in this complaint was acting: a) within the course, scope and authority of that agency, partnership, employment, conspiracy and/or other relationship; and b) with the knowledge, aid and/or consent of each of the other DOES.

**FACTS**

16.     Camargo worked as a professor of Portuguese in Tokyo, Japan from April, 2009 to October, 2008. During this time, Plaintiff enjoyed a good reputation, both generally and in her occupation. After moving to the United States in October, 2012, Camargo sought and continues to seek employment as an educator.

17.     In or around June, 2011, while living and working in Tokyo, Plaintiff met and interacted socially with Defendant Miltiadous. Plaintiff and Defendant Miltiadous went on a couple of dates before Plaintiff informed Miltiadous that she did not wish to see him romantically any further. Plaintiff and Defendant remained friends. Plaintiff advanced roughly 300,000 Yen to Defendant in August, 2011, and Defendant repaid Plaintiff by bank transfer in September, 2011. Defendant Miltiadous continued to pursue Plaintiff romantically, including making unwelcomed

AROPLEX LAW
A California Law Practice

and unexplained appearances in Plaintiff's neighborhood, resulting in Plaintiff filing a police report and seeking a restraining order against Defendant Miltiadous.

18.     On or about November 1, 2011, Defendant Miltiadous initiated legal action in Tokyo, Japan against Plaintiff, alleging Plaintiff borrowed and failed to repay 900,000 Yen and that Plaintiff filed a false police report against him. On June 25, 2014, the Tokyo District Court entered final judgment in these matters, dismissing all of the Defendant Miltiadous's claims against Plaintiff Camargo.

19.     On or about April 3, 2013, Defendants published the ScamExposure Post. On or about April 4, 2013, Defendants published the Ripoff Post. True and correct copies of these postings are attached hereto as Exhibits A and B, respectively.

20.     The ScamExposure and Ripoff Posts, which are substantially similar and contain identical defamatory Statements, contained, and still contain, the following false statements (collectively with the defamatory statements appearing in the Tumblr Posts and Flickr Comments, the "Statements"):

- "Also, her very supposedly involvement in several community activities here in Tokyo, showed that she was willing to take her charade even further than the normal liar; con-artist, narcissist and sociopath;"

- "During this time she stated that she had found herself in two financial difficulties and was hysterical and in need of assistance, as her family depended on her for financial assistance, and I offered to help her and lent her a large sum of money on two occasions;"

- "Upon our friendship coming to an end due to her psychotic actions, I asked for my money back and after several attempts and her deflecting anything to do with the loans, I started legal proceedings;"

AROPLEX LAW
A California Law Practice

- "Here is where she has completely denied all the (hysterical) stories that she told me; her government tax problems, her health conditions that required chemotherapy and obviously any need to borrow any money from me;" and

- "Even making such rebuttals that I was the one who borrowed from her, and I bought collectible stamps from her that equal the amount of the bank transfer that I have presented to the courts."

21.    The ScamExposure and Ripoff Posts referred to Plaintiff by name, were made of and concerning Plaintiff, and were so understood by those who read the Comments.

22.    On or about June 5, 2013, Plaintiff discovered that Defendants published Tumblr Post 1. The dates of publication of Tumblr Posts 1 and 2 appear to have been manually entered and/or altered. As such, Plaintiff is uncertain as to the actual date(s) of publication. A true and correct copy of the original posting (the "Tumblr Post 1") is attached hereto as Exhibit C. The current posting (the "Tumblr Post 2"), which replaced the Tumblr Post at the above-referenced address, is attached hereto as Exhibit D.

23.    Tubmblr Post 1 contained the following false Statements:

- "I know that she thought nothing of lying, cheating and stealing my money,as well as others in her own Brazilian community here in Tokyo!";

- "After a month of dating,I received a call from her in a hysterical state that the local government had gone into her account and taken taxes that she owed (this has actually happened to friends of mine,so I had no reason to doubt it!) and this was money that she had promised her family( her mother and sister),as she was supporting them with her salary here in Japan;"

- "Well she agreed to accept my offer,however,she asked for the loan in cash:"

- "[W]hen we met there were always several angry and hysterical scenes on her behalf;"

- "[S]he informed me that she had work problems and health problems and did not have money to cover her medical and study commitments;she now asked me for a loan and stated that she would repay all the amount owing in the following months;"

- "She stated that she owed her boss some money for classes that he had covered for her during her time off to go back to Brazil to receive chemotherapy and radiation therapy for her cancer;" and

- "Then for the next several weeks, I approached her and asked her to start repaying me back the money, so that we can go our separate ways."

24.     The Tumblr Posts were made of and concerning Plaintiff, including Plaintiff's then-home address, and were so understood by those who read Tumblr Posts.

25.     In or around November, 2012 and May, 2013, Defendants posted two defamatory comments (collectively the "Comments"), respectively, about Plaintiff in connection with a photograph of Plaintiff on the website www.Flickr.com at https://www.flickr.com/photos/ivanlinsoficial/4725802840/in/photolist-81dQNh-fCqJRu-5ktrPe-4Z12wA-4Z12DY-4YVLn8-4YVLte-4YVKKZ-4YVLcK-4WTTo6-9Gs3nF-8cAYxj-bwoWA-nv1gjy-7YAYDV-6xd2rF-i9vG5-6x1bQ5-6wW1Sg-nv1xoX-2mexNK-5Qk6m8-5f8kGb-aevv5h-aca8Jy-ac75J2-dNWU9L-6bjPAr-7Vv5c5-7Vv6Z3-7VrNWT-7Vv2ks-4bYd7w-5kxHCu-7ANafU-5f8mxf-5f3X2T-5f3YsP-5f3YL2-5f3XWZ-5ktrKr-7Z1Si4-7TJ9fA-6boXUA-fCqKRf-5f3XUF-5f8m6U-5PLLdT-6boXNJ-5f3Ykt. The comments have since been removed but were publicly accessible at least as late as September 2013.

26.     The Flickr Comments contained the following false Statements:

- My name is Carla Camargo( a shame that I have the same name)and I have been told that she is not an honest person;

- "Yes this is a lady who stole money from several people in Tokyo,Japan;

- "She is a sociopath;

AROPLEX LAW
A California Law Practice

- A person with a personality disorder manifesting itself in extreme antisocial attitudes and behavior and a lack of conscience;

27.     The Comments referred to Plaintiff by name, was made of and concerning Plaintiff, and was so understood by those who read the Comments.

28.     According to publicly available information on www.Flickr.com, user "cm257" has been a member of the website since November, 2012 but has not uploaded any photos, "favorited" any photos, or conducted any activity on the website other than making the above referenced comments.

29.     Demand for removal of the Ripoff Post and for the identity of the author was made to Xcentric Ventures, LLC, the owner of Ripoffreport.com, on June 6, 2013. No response was received, and the post was not removed.

30.     Demand for removal of the Scam Exposure Post and for the identity of the author was made to www.ScamExposure.com on June 25, 2013. No response was received, and the post was not removed.

31.     Demand for removal of both posts was made to Milton Miltiadous, a suspected author of the posts, on January 9, 2014. No response was received, and the posts were not removed.

32.     The Statements in the online posts are libelous on their face. They clearly exposes Camargo to hatred, contempt, ridicule and obloquy because they charge Plaintiff with having committed extortion, being a "sociopath" and being a pathological liar who cannot be trusted.

33.     The Ripoff Post is known to have been seen and read on or about May 14, 2013 by Billoo Rataul, Plaintiff's husband. The Ripoff Post is known to have been seen and read on or about August 13, 2014 by associate professors of the University of California at Berkley, directly resulting in loss of prospective employment.

AROPLEX LAW
A California Law Practice

34.    As a proximate result of the above-described publication, plaintiff has suffered loss of her reputation, shame, mortification, and injury to her feelings, all to her damage in the total amount of $232,000.

35.    The above-described publication was not privileged because it was published by Defendants with malice, hatred and ill will toward plaintiff and the desire to injure her in that Defendants expressed a desire to injure Plaintiff both in the Statements and in other communications directed at Plaintiff personally by Miltiadous and others who may be identified as DOE defendants. Because of defendants' malice in publishing, Plaintiff seeks punitive damages in the total amount of $464,000.

36.    Plaintiff's complaint is timely under all causes of action, as the statutes of limitation were tolled during Plaintiff's absence from the United States. Plaintiff was out of the country, namely in Brazil, during the following periods: October 26, 2013 to March 17, 2014 and from May 30, 2014 to July 16, 2014, tolling the statute of limitation for each cause of action by a total of 189 days.

## FIRST CAUSE OF ACTION
Libel - Against All Defendants

37.    Camargo repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth herein.

38.    Defendant knowingly and intentionally published the Statements on the Internet, where they were, and are, available to anyone with access to the Internet, and where, on information and belief, they have been viewed by an unknown number of third persons, including without limitation members of Plaintiff's personal and professional communities.

39.    The Statements contain false statements of fact, *to wit*, that Plaintiff wrongfully, unlawfully and/or immorally leveraged her professional, social and personal (feminine) position for the purpose of befriending Defendants; that Plaintiff lied to Defendants about her health and

AROPLEX LAW
A California Law Practice

financial positions to extort one or more loans from Defendants; that Plaintiff wrongfully and/or immorally committed perjury in the legal proceedings brought against Plaintiff by Defendant Miltiadous in Japan; and that Plaintiff wrongfully, unlawfully and/or immorally borrowed money from Defendants and failed to repay it.

40.     The Statements are libelous, *per se*, in that the defamatory meaning—i.e., that Plaintiff has engaged in wrongful, immoral and/or unlawful acts as previously alleged—is apparent on the face of the Statements, as well as in that the Statements require no explanatory matter, such as inducement, innuendo or other extrinsic fact, to be understood as stating that Plaintiff has engaged in wrongful, immoral and/or unlawful acts.

41.     At all relevant times, all those to whom Defendant published and/or who viewed the Statements reasonably understood, and still reasonably understand, the Statements to be of, concerning and about Plaintiff, insofar as the Statements identify Plaintiff by Plaintiff's name, by Plaintiff's former employer and/or by Plaintiff's address.

42.     At all relevant times, all those to whom Defendant published and/or who viewed the Statements reasonably understood, and still reasonably understand, the Statements to mean, as a matter of fact, that Plaintiff wrongfully, unlawfully and/or immorally leveraged her professional, social and personal (feminine) position for the purpose of befriending Defendants; that Plaintiff lied to Defendants about her health and financial positions to extort one or more loans from Defendants; that Plaintiff wrongfully and/or immorally committed perjury in the legal proceedings brought against Plaintiff by Defendant Miltiadous in Japan; and that Plaintiff wrongfully, unlawfully and/or immorally borrowed money from Defendants and failed to repay it.

43.     The Statements were not privileged, either qualified or absolute.

44.     Defendant published the Statements with the knowledge that the Statements were false, and/or with serious doubts about the truth of the Statements, and/or with reckless disregard for the truth of the Statements, and/or having failed to exercise reasonable care to determine the truth or falsity of the Statements.

45.     By their nature, the Statements have tended to expose Plaintiff to, and have exposed Plaintiff to, hatred, contempt, ridicule, or obloquy; and have tended to cause, and have caused, Plaintiff to be shunned or avoided by members of her personal and professional communities, such members having been discouraged by the Statements from associating and/or dealing with Plaintiff; and tended to, and have, injured Plaintiff in her occupation.

46.     Defendants' publication of the Statements was and is a substantial factor in injuring and causing harm to Plaintiff's business, trade, profession and occupation, as further alleged above.

47.     Defendants' publication of the Statements was and is a substantial factor in causing Plaintiff to incur out-of-pocket costs and expenses, as further alleged above.

48.     Defendants' publication of the Statements was and is a substantial factor in injuring and causing harm to Plaintiff's personal and professional reputations, as further alleged above.

49.     Defendants' publication of the Statements was and is a substantial factor in causing Plaintiff to suffer shame, mortification and hurt feelings, as further alleged above.

50.     Defendants' publication of the Statements was and is a substantial factor in injuring and causing Plaintiff's to suffer emotional distress and the physical manifestations thereof, as further alleged above.

51.     As a result of Defendants' wrongful conduct, Plaintiff has been damaged in the sum of $232,000. Plaintiff will be further damaged in like manner so long as defendants' conduct

AROPLEX LAW
A California Law Practice

continues. The full amount of such damage is not now known to Plaintiff, and Plaintiff will amend this complaint to state such amount when the same becomes known to, or on proof thereof.

52.     In publishing the Statements, Defendants acted with malice and oppression and with fraudulent intent, thereby entitling Plaintiff to an award of punitive damages.

53.     WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

- For damages in the sum of $232,000, plus damages in such further sums as may be sustained and as are ascertained before final judgment herein;

- For exemplary and/or punitive damages;

- For attorney fees herein incurred;

- For costs of suit herein incurred; and

- For such other and further relief as the court deems proper.

### SECOND CAUSE OF ACTION

Invasion of Privacy – Against All Defendants

54.     Camargo repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55.     On or about April 3, 2013, April 4, 2013 and at one or more unknown dates, Defendants, without plaintiff's consent, invaded Plaintiff's right to privacy by publishing online the above-referenced Statements in which comments concerning her economic status and health condition were falsely attributed to Plaintiff.

56.     The disclosure by Defendants created publicity in the sense of a public disclosure to a large number of people in that the publications were published online and appeared,

AROPLEX LAW
A California Law Practice

originally and for at least six months, as the lead Google, Bing and Yahoo! search result when one searched for "Carla Camargo."

57.     The publicity created by Defendants placed Plaintiff in a false light in the public eye in that the publications contained false statements and inaccuracies which incorrectly portrayed plaintiff as being a "sociopath," falsely reported that she had borrowed funds from one or more persons and refused to repay said funds, and falsely claims statements made by Plaintiff regarding her financial and health conditions.

58.     The publicity created by Defendants was done with malice in that it was made either with knowledge of its falsity or in reckless disregard of its truth in that the Statements describing Plaintiff's financial and physical conditions and stating that she had made certain representations for the purpose of obtaining loans—loans Plaintiff neither sought nor obtained-- were calculated falsehoods because Plaintiff never made any such representations to Defendants.

59.     WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

- For damages in the sum of $232,000, plus damages in such further sums as may be sustained and as are ascertained before final judgment herein;

- For general damages according to proof;

- For attorney fees herein incurred;

- For costs of suit herein incurred; and

- For such other and further relief as the court deems proper.

### THIRD CAUSE OF ACTION

False Light – Against All Defendants

60.     Camargo repeats and realleges paragraphs 1 through 59 hereof, as if fully set forth herein.

61.     Defendants published false and disparaging Statements about Plaintiff that place her in a false light in the public eye.

62.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' publications of false and disparaging Statements were made intentionally, with actual malice, and were intended to cause others, including friends, loved ones, colleagues and Plaintiff's students, not to deal with or trust Plaintiff.

63.     Because Defendants' Statements are blatantly false, they have placed Plaintiff in a false light.

64.     Defendants' false and disparaging Statements that Plaintiff engaged in wrongful, unlawful and/or unethical acts, including deceiving Defendant and failing to repay a loan, among other false and outrageous statements as described herein, are highly offensive and more than embarrassing to a reasonable person.

65.     The publication of the false, defamatory and unprivileged statements by Defendant is, or will likely be, a direct and proximate cause of pecuniary loss, lost employment opportunities, impairment to health and associated expenses, and special damages.

66.     Defendants' actions are characterized by fraud, oppression and a conscious disregard of Plaintiff's rights, and, therefore, Plaintiff is entitled to recover punitive damages.

67.     WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

- For damages in the sum of $232,000, plus damages in such further sums as may be sustained and as are ascertained before final judgment herein;

- For exemplary and/or punitive damages;

- For attorney fees herein incurred;

- For costs of suit herein incurred; and

68.     For such other and further relief as the court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as set forth below:

A.     On the First Cause of Action, for general and special damages according to proof; for exemplary and/or punitive damages; for Plaintiff's costs of suit; for temporary and permanent injunctive relief requiring Defendants to depublish the Statements;

B.     On the Second Cause of Action, for general and special damages according to proof; for exemplary and/or punitive damages; for Plaintiff's costs of suit;

C.     On the Third Cause of Action, for general and special damages according to proof; for exemplary and/or punitive damages; for Plaintiff's costs of suit; and

D.     For such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury for the cause of action, claim or issue in this action, which is triable as a matter of right to a jury.

Dated: October 6, 2014                    Respectfully Submitted,


                                          /s/ AMY SOMMER ANDERSON
                                          Amy Sommer Anderson
                                          AROPLEX LAW
                                          156 2nd Street
                                          San Francisco, CA 94105
                                          415-529-5148
                                          *Attorney for Plaintiff*,
                                          CARLA CAMARGO

AROPLEX LAW
A California Law Practice

1
2
3
### VERIFICATION

4       I, CARLA CAMARGO, am the plaintiff in the above-entitled action. I have read the

5 foregoing Complaint and know the contents thereof. The same is true of my own knowledge,

6 except as to those matters which are therein alleged on information and belief, and as to those

7 matters, I believe it to be true.

8       I declare under penalty of perjury that the foregoing is true and correct and that this

9 declaration was executed at San Francisco, California.

10
11
12 Dated: October 6, 2014

13                                                      CARLA CAMARGO,
                                                       Plaintiff
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AROPLEX LAW
A California Law Practice

COMPLAINT FOR DAMAGES                    - 16 -