UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA CAMARGO,<br><br>            Plaintiff,<br><br>    v.<br><br>MILTON MILTIADOUS; DOES 1-10,<br><br>            Defendants. | Case No.  14-cv-04490-JSC<br><br>**ORDER RE EX PARTE APPLICATION FOR LIMITED EXPEDITED DISCOVERY**<br><br>Re: Dkt. No. 11 |

Plaintiff Carla Camargo, a California resident and citizen of Brazil, filed suit against Defendant Milton Miltiadous, an Australian citizen and resident of Tokyo, Japan, alleging claims for libel, invasion of privacy, and false light.  Now pending before the Court is Plaintiff's Ex Parte Motion for Expedited Early Discovery.  (Dkt. No. 11.)  Having considered Plaintiff's arguments and relevant authority, the Court DENIES the motion without prejudice.

**BACKGROUND**

Plaintiff contends that Defendant Miltiadous is responsible for a number of defamatory statements that appear about Plaintiff in internet postings on the websites www.ripoffreport.com, http://www.scamexposure.com, www.flickr.com, and www.tumblr.com. (Complaint at ¶¶ 2-3.) Plaintiff alleges that these statements "falsely and maliciously represent that Plaintiff engaged in wrongful, unlawful and/or unethical acts, including deceiving Defendant and failing to repay a loan." (*Id.* at ¶ 5.)   Plaintiff requested that the websites take down the posts and identify the individual(s) who made the posts, but received no response. (*Id*. at ¶¶ 29-31.)

In October 2014, Plaintiff filed suit against Defendant Miltiadous, an Australian citizen and resident of Tokyo, Japan, and Does 1-10 regarding the statements appearing on the aforementioned websites seeking compensatory and punitive damages. (Dkt. No. 1.) According to the docket, Plaintiff has not yet served Defendant Miltiadous and her motion does not identify any steps she has taken to do so. As Miltiadous has not been served, or at least has not appeared, discovery has not yet commenced.

On February 24, 2015, Plaintiff filed the underlying Ex Parte Application to Conduct Expedited Discovery wherein Plaintiff seeks leave to take depositions and obtain documents from Xcentric, which owns and operates ripoffreport.com, and Yahoo!, which owns tumblr.com and flickr.com.[1]

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. *See* Fed. R. Civ. P. 26 (d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order.").

Generally, a "good cause" standard applies to determine whether to permit such early discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id*.

To determine whether there is "good cause" to permit expedited discovery to identify doe defendants, courts consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

---

[1] Plaintiff has not submitted copies of the proposed subpoenas.

1  *OpenMind Solutions, Inc. v. Does 1–39*, No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct.7, 2011) (*citing Columbia Ins. Co.v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D.Cal.1999)).

## DISCUSSION

Plaintiff seeks leave to conduct early discovery to (1) obtain additional evidence about Defendant Miltiadous's online post, and (2) identify the doe defendants.  (Dkt. No. 11 at 2:12-22.)

As an initial matter, Plaintiff has not addressed why she has not served Defendant Miltiadous; service could, among other things, alleviate the need to file an ex parte motion to conduct discovery regarding his online post.  Plaintiff's counsel's declaration indicates that notice of the lawsuit "was provided to Defendant Miltiadous via unofficial service in Japan."  (Dkt. No. 11-1 at ¶ 12.)  There is no explanation for why such service was provided "unofficial[lly]" and not in accordance with the Hague Convention pursuant to Federal Rule of Civil Procedure 4(f)(1).  Although Rule 4(m)'s 120-day service requirement does not apply to foreign defendants, Plaintiff still must serve defendant within a reasonable timeframe to pursue this lawsuit.  *Miyasaki v. Treacy*, No. 12-CV-04427, 2014 WL 6687321, at *4 (N.D. Cal. Nov. 24, 2014) (noting that "the amount of time allowed for foreign service is not unlimited.").

With respect to Plaintiff's alternative basis for seeking early discovery—to assist in identifying the doe defendants—Plaintiff has failed to plead any facts from which the Court could conclude that the doe defendants are real individuals who could be sued in federal court. Plaintiff's complaint does not contain any specific allegations with respect to Does 1-10.  Instead, Plaintiff alleges that

> The true names and capacities, whether corporate, associate, individual or otherwise, of DOES 1 through 10 (collectively, "Defendants DOE" or "DOES") are unknown to Plaintiff, who therefore sues such DOES by use of fictitious names. Each of the defendants designated herein as a DOE is legally responsible in some manner for the wrongful acts and for the injury and damage to Plaintiff herein alleged. Plaintiff will seek leave of Court to amend this Complaint to show the true names and capacities of DOES once such names and capacities have been ascertained.

(Complaint at ¶ 14.)  In her motion for early discovery, Plaintiff contends that she seeks leave to issue the subpoenas "to properly identify each of the DOE defendants, and their respective locations, so they can be properly named to this action," but Plaintiff does not make any showing

as to how subpoenas on Xcentric and Yahoo! could yield information sufficient to identify the doe defendants. In counsel's declaration, she suggests that she is seeking information regarding identities of the owners of the account names Bob-TKY, milts 03, and cm257 which are registered with www.ripoffreport.com, www.tumblr.com, and flickr.com (websites owned by Xcentric and Yahoo!, respectively); however, Plaintiff has not pled that the owners of these account names are the doe defendants. *Columbia Ins. Co.*, 185 F.R.D. at 579 (concluding that plaintiff had sufficiently pled the identity of the doe defendants accused of online tortious activity where plaintiff alleged that the doe defendants were operating under identified aliases which had been used to register the domain names at issue).

Accordingly, Plaintiff has failed to demonstrate good cause to conduct early expedited discovery regarding either Defendant Miltiadous's online post or the unspecified doe defendants. The motion is denied without prejudice. Any renewed motion for early discovery should attach the proposed subpoenas and address the issues raised in this Order.

This Order disposes of Docket No. 11.

**IT IS SO ORDERED.**

Dated: March 12, 2015

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

4