UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA CAMARGO,<br><br>             Plaintiff,<br><br>     v.<br><br>MILTON MILTIADOUS,<br><br>             Defendant. | Case No. 14-cv-04490-JSC<br><br>**ORDER RE: RENEWED MOTION FOR EXPEDITED EARLY DISCOVERY**<br><br>Re: Dkt. No. 16 |

Plaintiff Carla Camargo, a California resident and citizen of Brazil, filed suit against Defendant Milton Miltiadous, an Australian citizen and resident of Tokyo, Japan, alleging claims for libel, invasion of privacy, and false light. Now pending before the Court is Plaintiff's Renewed Ex Parte Motion for Expedited Early Discovery. (Dkt. No. 16.) Having considered Plaintiff's arguments and the relevant authority, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff met Defendant Miltiadous while working in Tokyo as a professor in June 2011. (Complaint at ¶ 16.) The two became friends, but then had a falling out in September 2011. (*Id*. at ¶ 17.) Plaintiff sought a restraining order, and in November 2011, Miltiadous initiated legal action against Plaintiff alleging that Plaintiff had failed to repay a loan and filed a false police report against him (all these claims were subsequently dismissed). (*Id*. at ¶ 18.) Plaintiff thereafter moved to the United States in October 2012 where she has sought employment as an educator. (*Id*. at ¶ 16.)

Plaintiff contends that Defendant Miltiadous is responsible for a number of defamatory statements that appeared about her in internet postings on the websites www.ripoffreport.com, http://www.scamexposure.com, www.flickr.com, and www.tumblr.com. (*Id.* at ¶¶ 2-3.) These

posts commenced a month after Plaintiff moved to the United States. They include the following:

www.flickr.com: In November 2012, and May 2013, an individual with the user name "cm257" posted allegedly false statements in comments associated with a photograph of Plaintiff posted on Flickr including that she is a "sociopath" and she "stole money from several people in Tokyo, Japan." (*Id*. at ¶

www.tumblr.com: In June 2013, Plaintiff discovered two posts on Tumblr made by "milts03" under the blog entitled "Milt's World" that contained numerous allegedly defamatory statements including that Plaintiff "thought nothing of lying, cheating and stealing my money, as well as others in her own Brazilian community here in Tokyo!", and that she went "back to Brazil to receive chemotherapy and radiation therapy for her cancer." The posts included Plaintiff's name and then-home address. (*Id*. at ¶¶ 23-24.)

www.ripoffreport.com & www.scamexposure.com: In April 2013, substantially the same posts were made on both these websites which included the false statements that Plaintiff is a "liar, con-artist, narcissist, and sociopath." (*Id*. at ¶ 20.) The post on Ripoffreport was made by Bob-TKY.

Plaintiff alleges that these statements "falsely and maliciously represent that Plaintiff engaged in wrongful, unlawful and/or unethical acts, including deceiving Defendant and failing to repay a loan." (*Id*. at ¶ 5.) Plaintiff requested that the websites take down the posts and identify the individual(s) who made the posts, but received no response, although the Tumblr and Flickr posts are no longer accessible. (*Id*. at ¶¶ 29-31.) Plaintiff alleges that as a result of these statements she has lost employment opportunities and that the Ripoffreport.com post, in particular, was seen by professors at the University of California, Berkeley directly resulting in the loss of prospective employment. (*Id*. at ¶ 33.)

In October 2014, Plaintiff filed suit against Miltiadous, an Australian citizen and resident of Tokyo, Japan, and Does 1-10 regarding the statements appearing on the aforementioned websites seeking compensatory and punitive damages. (Dkt. No. 1.) Plaintiff has not yet served Defendant Miltiadous, although she is attempting to do so through the Japanese Central Authority. (Dkt. No. 16-1 ¶ 2.) Plaintiff sent all the necessary documents to the Japanese Central Authority

1  in December 2014 and understands that it takes from two to eight months for the Japanese Central

2  Authority to serve following receipt of the necessary documents.  (*Id.*)  As Miltiadous has not

3  been served, or at least has not appeared, discovery has not yet commenced.

4        Plaintiff nonetheless seeks discovery to identify Does 1-10.  On February 24, 2015,

5  Plaintiff filed an Ex Parte Application to Conduct Expedited Discovery wherein Plaintiff sought

6  leave to take depositions and obtain documents from Xcentric Ventures, LLC ("Xcentric"), which

7  owns and operates ripoffreport.com, and Yahoo!, which owns tumblr.com and flickr.com.

8  Plaintiff sought discovery to obtain more information regarding the individuals who had registered

9  the user names: Bob-TKY, milts03, and cm257, respectively, with the aforementioned websites.

10  (Dkt. No. 11.)  The Court denied the request without prejudice.  (Dkt. No. 12.)

11        Plaintiff thereafter filed the underlying renewed motion for early expedited discovery.

12  Plaintiff seeks leave to serve a subpoena on Xcentric seeking:

> All identifying information, including the name(s), address(es), telephone number(s), email address(es), and IP address(es), for the **Ripoff.com** user associated with the user name "**Bob-TKY**". Please include all identifying information provided when this account was established, as well as all identifying information provided subsequently for any purpose.

(Dkt. No. 16-2 at 5.)  And a subpoena on Yahoo! seeking:

> 1. All identifying information, including the name(s), address(es), telephone number(s), email address(es), and IP address(es), for the **Flickr.com** user associated with the user name "**cm257**". Please include all identifying information provided when this account was established, as well as all identifying information provided subsequently for any purpose.
>
> 2. All identifying information, including the name(s), address(es), telephone number(s), email address(es), and IP address(es), for the **Tumblr.com** user associated with the user name "**milts03**". Please include all identifying information provided when this account was established, as well as all identifying information provided subsequently for any purpose.

(Dkt. No. 16-3 at 5.)

## LEGAL STANDARD

The Ninth Circuit allows a plaintiff to engage in discovery to identify doe defendants when the identity of such defendants is not known prior the filing of a complaint.  *Gillespie v. Civiletti*,

3

629 F.2d 637, 642 (9th Cir.1980). However, Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. *See* Fed. R. Civ. P. 26 (d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). Generally, a "good cause" standard applies to determine whether to permit such early discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id*.

To determine whether there is "good cause" to permit expedited discovery to identify doe defendants, courts consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1–39*, No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct.7, 2011) (*citing Columbia Ins. Co.v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D.Cal.1999)).

**DISCUSSION**

Plaintiff seeks leave to conduct early discovery to (1) obtain additional evidence about Defendant Miltiadous's online post, and (2) identify the doe defendants. The Court previously denied Plaintiff's motion for early discovery without prejudice because Plaintiff had not explained why she had not served Miltiadous nor had she established good cause to conduct the early discovery as she had not explained how the subpoenas would help identify the doe defendants. (Dkt. No. 12.) In her renewed motion, Plaintiff indicates that she is in the process of serving Miltiadous through the Japanese Central Authority, and clarifies that she seeks the discovery to discover the true identity of the individuals otherwise pled as doe defendants. Based on this additional information, the Court concludes that Plaintiff has established good cause to conduct early discovery as set forth below.

4

**A.  Plaintiff Identified the Missing Parties with Sufficient Specificity**

Under the first factor, "the Court must examine whether the Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subjected to jurisdiction in this Court." *Pac. Centur y Int'l, Ltd. v. Does 1—48*, No. 11–3823, 2011 WL 4725243, at *2 (N.D. Cal. Oct. 7, 2011).  The Court concludes that she has.

First, Plaintiff has identified the missing party with adequate specificity.  Plaintiff contends that the individuals who created the user names Bob-TKY, milts03, and cm257, and the associated accounts, are the authors of the defamatory posts at issue, and thus, have otherwise been named as doe defendants.  In particular, the allegedly defamatory statement on ripoffreport.com was "Reported by: Bob-TKY."  (Dkt. No. 1-1 at 2.)  Likewise, tumblr user "milts03" made several allegedly defamatory statements in his/her posts on a blog called "Milts' World."  (Dkt. No. 1-3 & 1-4.)  Finally, user "cm257" posted two allegedly defamatory comments about Plaintiff on a photo of her hosted on Flickr.com.  (Dkt. No. 1-5 at 4.)  These posts and statement can only have been made by real people rather than a mechanical process.  *See Uber Technologies, Inc. v. Doe*, No. C 15-00908, 2015 WL 1205167, at *3 (N.D. Cal. Mar. 16, 2015).

Second, with respect to the jurisdiction question, the Court applies a three-part test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities into the forum or purposefully avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of or relate to forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice.  *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004).  Here, Plaintiff alleges that the doe defendants made defamatory statements regarding Plaintiff, a resident of California, on the internet, thus causing foreseeable harm in California.  This is sufficient to show that the doe defendants may be amenable to suit in federal court.  *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (holding that under the purposeful direction test "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.")

5

### B. Previous Steps Taken to Identify the Doe Defendants

Under the second factor, the party should identify all previous steps taken to locate the elusive defendant. *Columbia Ins. Co.*, 185 F.R.D. at 579. "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id*.

Here, Plaintiff reviewed the posts to attempt to obtain further information regarding the poster's identities, but no information was available. (Dkt. No. 11-1 ¶ 9.) Plaintiff also conducted Google searches to see if the posters used the user names with other online posts, but did not find any additional information. (Complaint at ¶ 29.) Further, although Plaintiff attempted to send messages directly to the Bob-TKY and cm257 accounts, she was unable to do so. (Dkt. No. 11-1 at ¶ 14.)  After Plaintiff informally notified Defendant Miltiadous of the lawsuit, the Tumblr posts were taken down as were the Flickr comments leading her to believe that Miltiadous is the individual associated with user names cm257 and milts03. (*Id*. at ¶¶ 12-13.) Plaintiff attempted to informally obtain the identity of the individual(s) associated with the user name Bob-TKY on www.ripoffreport.com, but Xcentric did not respond to her request. Plaintiff has thus satisfied this factor.

### C. Withstanding a Motion to Dismiss

Under the third requirement, a plaintiff should establish to the court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss. *Columbia Ins. Co*., 185 F.R.D. at 579. "A conclusory pleading will never be sufficient to satisfy this element." *Id*.  Thus, plaintiff must make some showing that "an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Id*. at 580.

Plaintiff has pled the essential elements of a claim for defamation/libel. *See Taus v. Loftus*, 40 Cal.4th 683, 720 (2007) ("[t]he elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injury or causes special damage"). She alleges that Miltiadous and the doe defendants made knowingly false statements about her on various internet sites which have caused her to be professionally shunned injuring

6

Plaintiff in her occupation and causing her damages in the amount of $232,000. (Complaint at ¶¶ 37-51.) Plaintiff has likewise pled claims for invasion of privacy and false light. *See Hill v. National Collegiate Athletic Assn*. (1994) 7 Cal.4th 1, 39–40 (noting that elements of a claim for right to privacy under the California Constitution are "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy."); *Price v. Operating Engineers Local Union No. 3*, 195 Cal. App. 4th 962, 970 (2011) ("False light is a species of invasion of privacy, based on publicity that places a plaintiff before the public in a false light that would be highly offensive to a reasonable person, and where the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed."). Plaintiff alleges that the knowingly false statements which defendants posted regarding her included private information regarding her economic status and health condition, and labeled her as a sociopath, thereby placing her in a false light in the public eye and causing her loss of employment opportunities as well as impairment to her health. (Complaint at ¶¶ 55-65.) Plaintiff has thus satisfied the third factor as well.

### D. Likelihood of Identifying the Doe Defendant Through Discovery

The final factor concerns whether the discovery sought will uncover the identities of the doe defendants. *See Gillespie v. Civiletti*, 629 F.2d 639, 642–43 (9th Cir. 1980) (stating that early discovery to identify doe defendants should be allowed "unless it is clear that discovery would not uncover the identities"); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999) (holding that "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities"). Here, the doe defendants have used user names to mask their true identities; however, the terms of service for each of the websites at issue requires users to provide personal contact information, including his or her name and email address, when creating an account. (Dkt. No. 11-1 ¶¶ 5-7.) Plaintiff has thus demonstrated that subpoenas to Xcentric and Yahoo! should reveal the identities of the individual(s) behind the user names at issue.

**CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's motion to for early expedited discovery. The Court orders the following:

1. Plaintiff may immediately serve on Yahoo! and Xcentric the Proposed Subpoenas to obtain the requested information. Plaintiff's proposed subpoenas are acceptable. The subpoenas shall have a copy of this Order attached.

2. Yahoo! and Xcentric will have 30 days from the date that the subpoena is served upon them to serve the individual(s) associated with the user names milts03, cm257, and Bob-TKY, respectively, with a copy of the subpoena and a copy of this Order. They may serve the individual(s) using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service, or electronic mail if they do not have a physical address on file.

3. The individuals associated with these user names shall have 30 days from the date of service upon him or her to file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30–day period lapses without the individuals contesting the subpoenas, Yahoo! and Xcentric shall have 10 days to produce the information responsive to the subpoenas to Plaintiff.

4. Yahoo! and Xcentric shall preserve any subpoenaed information pending the resolution of any timely motion to quash.

5. Plaintiff may use the subpoenaed information only in connection with its instant claims in the underlying lawsuit.

**IT IS SO ORDERED.**

Dated: April 29, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge