UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA CAMARGO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MILTON MILTIADOUS and DOES 1-10<br><br>　　　　Defendants. | Case No. 14-cv-04490-JSC<br><br>**ORDER RE: THIRD MOTION FOR EARLY EXPEDITED DISCOVERY**<br><br>Re: Dkt. No. 24 |

Plaintiff Carla Camargo, a California resident and citizen of Brazil, filed suit against Defendant Milton Miltiadous, an Australian citizen and resident of Tokyo, Japan, and Does 1-10, alleging claims for libel, invasion of privacy, and false light. Now pending before the Court is Plaintiff's Third Motion for Expedited Early Discovery. (Dkt. No. 24.) Having considered Plaintiff's arguments and the relevant authority, the Court DENIES the motion. This denial is without prejudice to renewal of the motion as to the subpoenas to Google Inc. ("Google") and Yahoo Inc. ("Yahoo") as discussed herein.

**BACKGROUND**

The Court previously discussed the background of this action at length, *see* Dkt. No. 17, and thus will not repeat it here. In short, Plaintiff contends that Defendant Miltiadous and Does 1-10 are responsible for a number of defamatory statements that appeared about her in internet postings on the websites www.ripoffreport.com, www.scamexposure.com, www.flickr.com, and www.tumblr.com. ((Dkt. No. 1 at ¶¶ 2-3.)

Plaintiff has not yet served Defendant Miltiadous, although she is attempting to do so through the Japanese Central Authority. (Dkt. No. 24-1 ¶ 2.) As Miltiadous has not been served, discovery has not yet commenced. Plaintiff nonetheless seeks discovery to identify Does 1-10,

1   who are alleged to be the individuals who posted the defamatory statements that appeared
2   regarding Plaintiff on the aforementioned websites.
3         In February 2015, Plaintiff filed an Ex Parte Application to Conduct Expedited Discovery
4   seeking leave to take depositions and obtain documents from Xcentric Ventures, LLC
5   ("Xcentric"), which owns and operates RipoffReport.com, and Yahoo, which owns tumblr.com
6   and flickr.com, to obtain more information regarding the individuals who had registered the user
7   names: Bob-TKY, milts03, and cm257, respectively, with the aforementioned websites.[1]  (Dkt.
8   No. 11.)  The Court denied the request without prejudice because Plaintiff had failed to
9   demonstrate good cause for early discovery as she had not addressed why she had not served
10  Miltiadous, or included sufficient information regarding the doe defendants for the Court to
11  determine that they were individuals who could be sued in federal court.  (Dkt. No. 12.)  Plaintiff
12  had also failed to include copies of the proposed subpoenas and was ordered to include them in
13  any subsequent motions for early discovery.
14        In April 2015, Plaintiff filed her second motion for early discovery.  (Dkt. No. 16.)  The
15  Court granted the motion concluding that Plaintiff had demonstrated good cause to conduct early
16  discovery to identify the doe defendants who are alleged to be the individuals who created the user
17  names Bob-TKY, milts03, and cm257, and who authored the defamatory posts at issue.  (Dkt. No.
18  17.)  Plaintiff was thus granted leave to serve the attached subpoenas on Yahoo and Xcentric to
19  obtain information regarding the individuals associated with these user names.

## DISCUSSION

21        Plaintiff's third motion for early expedited discovery follows her receipt of information
22  responsive to the Yahoo! and Xcentric subpoenas.  (Dkt. No. 24.)  Plaintiff now seeks leave to
23  conduct further discovery to identify the users who created the RipoffReport and Flickr posts.  To
24  this end, Plaintiff seeks discovery regarding two categories of information (1) the email addresses
25  associated with the aforementioned users, and (2) the IP addresses associated with the same users.
26  In particular, Plaintiff seeks leave to serve subpoenas on Google and Yahoo to identify the

---

28  [1] These user names were associated with the allegedly defamatory statements.

2

individuals associated with the email accounts registered as the users of the RipoffReport and Flickr posts (milts213@gmail.com and camargocm@yahoo.com, respectively), as well subpoenas on the "IP hosts" referenced in the attached Declaration of Amy Sommer Anderson (Dkt. No. 24-1).

With respect to the first category, as with Plaintiff's motion for early discovery regarding the user names associated with the RipoffReport and Flickr posts, Plaintiff has established good cause to obtain discovery regarding the email addresses associated with these user names.  It is not clear, however, whether Yahoo has additional information regarding the email address camargocm@yahoo.com beyond that which it already produced in response to Plaintiff's subpoena.  *See* Dkt. No. 24-3 at 6.[2]   Because Plaintiff has not identified what additional information she seeks from Yahoo regarding this email address and has again failed to include a copy of the proposed subpoenas, the motion is denied without prejudice as to the proposed subpoenas to Google and Yahoo.

As for Plaintiff's second category of subpoenas, she has failed to offer a legal basis for her request for issuance of subpoenas to the foreign Internet Service Providers ("ISPs") associated with these users.  Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. The scope of discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b). *See* Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b).").  However, under Rule 45(b)(3), the Court lacks the power to issue subpoenas in foreign countries to persons other than nationals or residents of the United States. *See Prime Media Grp., LLC v. Acer Am. Corp.*, No. 12-CV-05020-BLF, 2015 WL 307249, at *2 (N.D. Cal. Jan. 21, 2015) (concluding that a Taiwanese citizen not present in the United States was beyond the subpoena power of this court citing Fed. R. Civ. P. 45(b)(2)-(3) and 28 U.S.C. § 1783). There is no suggestion here that that ISPs are United States corporations or otherwise fall within

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

the scope of Rule 45(b)(3). Rather, they are German, British, and Japanese entities.[3] (Dkt. No. 24-1 at ¶¶ 7-8, 11-12.) Plaintiffs' request to issue subpoenas to these foreign non-parties is thus denied.

## CONCLUSION

For the reasons stated above, Plaintiff's third motion for early discovery is DENIED. This denial is without prejudice to Plaintiff renewing her request as to the subpoenas to Google and Yahoo if such a motion is accompanied by the proposed subpoenas and otherwise complies with this Order. Any such motion must be filed by November 16, 2015.

The previously scheduled Case Management Conference is continued to November 19, 2015. If Plaintiff has not filed proof of service on Defendant Miltiadous by November 18, she shall file an updated statement explaining the delay and must provide more details other than that a law firm in Japan has been retained to assist with service.

**IT IS SO ORDERED.**

Dated: November 6, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[3] The Flickr subpoena identified the IP address 133.36.145.13 as associated with the user id cm257. (Dkt. No. 24-3 at 5.[3]) According to WHOIS (the publicly available database for accessing domain and IP registration), this IP address is associated with Takushoku University in Tokyo, Japan. *See* http://whois.nic.ad.jp/cgi-bin/whois_gw?key=TT024JP/e (last visited Nov. 3, 2015). Likewise, the IP address associated with the email camargocm@yahoo.com is 122.208.205.202 (Dkt. No. 24-1at 6), which is associated with Bunkyo Gakuin Educational Institution, a university in Tokyo, Japan. *See* http://whois.nic.ad.jp/cgi-bin/whois_gw (last visited Nov. 3, 2015).) For the RipoffReport post, the account was created from the IP address 89.22.98.56 (Dkt. No. 24-2 at 3), which is registered to a German company. *See* https://whois.arin.net/rest/net/NET-89-0-0-0-1/pft?s=89.22.98.56 (last visited Nov. 3, 2015); https://apps.db.ripe.net/search/query.html?searchtext=89.22.98.56#resultsAnchor (last visited Nov. 3, 2015). Finally, the "report" on RipoffReport was created from the IP address 46.37.160.114 (Dkt. No. 24-2 at 3), which appears to be associated with a British company. *See* https://whois.arin.net/rest/net/NET-46-0-0-0-0/pft?s=46.37.160.114 (last visited Nov. 3, 2015); https://apps.db.ripe.net/search/query.html?searchtext=46.37.160.114#resultsAnchor (last visited Nov. 3, 2015).