UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA CAMARGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MILTON MILTIADOUS,<br><br>　　　　　Defendant. | Case No. 14-cv-04490-JSC<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING RE: REQUEST FOR DEFAULT**<br><br>Re: Dkt. No. 33 |

　　Over a year ago, Plaintiff Carla Carmago filed this civil action against Defendant Milton Miltiadous and Does 1-10 alleging various tort claims arising from defamatory statements Defendants allegedly posted regarding her on several internet sites. The Court granted several extensions of time for Plaintiff to serve Miltiadous, an Australia citizen and resident of Tokyo, Japan. On December 1, 2015, Plaintiff filed an affidavit of service for of the summons and complaint. (Dkt. No. 30.) The affidavit indicates that Tatushiko Kinoshita served Defendant Miltiadous at a specified address using "delivery services" on October 30, 2015. (Id. at ¶ 2.) The affidavit further states that "[o]nce the documents above noted were delivered to the address above noted and were received by a resident of it, however, the documents were sent back to me." (*Id*. at ¶ 3.)

　　At the Case Management Conference on December 3, 2015, Plaintiff's counsel represented that service had been made on Defendant Miltiadous in multiple forms and clarified the statement in Mr. Kinoshita's declaration. Plaintiff was ordered to file her motion for default with the Court by December 31, 2015. Plaintiff was instructed to include **everything** to show service, including any further declarations, citation to Japanese law regarding service, and any information about other forms of service on Defendant. Plaintiff's subsequently filed request for default fails to

include the information requested by the Court and makes no showing as to how service on Defendant was made in accordance with Federal Rule of Civil Procedure 4(f)'s requirements for service of a foreign defendant.  The motion does not even reference Rule 4, the Hague Convention, or any Japanese law governing service of process.  Instead, it simply states that "Plaintiff effected personal service of the Summons and Complaint on Defendant Miltiadous on October 30, 2015, as evidenced by the Declaration of Service on file with this Court." (Dkt. No. 33 at 1.)  This is inadequate to establish service on a foreign defendant.

Accordingly, Plaintiff shall file a supplemental brief regarding her request for default that demonstrates, in accordance with Federal Rule of Civil Procedure 55(a), that Defendant Miltiadous failed to appear after he was properly served in accordance with Rule 4(f).  Plaintiff shall file her supplemental brief on or before January 20, 2016.

**IT IS SO ORDERED.**

Dated: January 6, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge