UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA CAMARGO,<br><br>  Plaintiff,<br><br>v.<br><br>MILTON MILTIADOUS,<br><br>  Defendant. | Case No. 14-cv-04490-JSC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

In October 2014, Plaintiff Carla Camargo, a California resident and citizen of Brazil, filed suit against Defendant Milton Miltiadous, an Australian citizen and resident of Tokyo, Japan, and Does 1-10, alleging claims for libel, invasion of privacy, and false light. Plaintiff alleged that the Defendants posted defamatory statements regarding her online. Plaintiff's motion for default judgment as to Defendant Miltiadous is now pending before the Court. (Dkt. No. 39.)

Upon review of the motion, the Court has concerns regarding its subject matter jurisdiction given that the doe defendants remain unnamed and the action proceeds only as to Defendant Miltiadous.[1] Plaintiff avers that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(4); however, section 1332(a)(4) only covers actions where the Plaintiff is a "foreign state." While Plaintiff is a citizen of a foreign state, she is not herself a foreign state. Thus, to establish subject matter jurisdiction via diversity of citizenship, Plaintiff must satisfy one of the other bases for

---

[1] Although Plaintiff was granted leave to conduct early discovery to identify the individuals who made the online posts, she did not amend the complaint to name any additional defendants following issuance of subpoenas seeking this information.

jurisdiction in Section 1332(a).  The remaining subsections of section 1332(a) provides for diversity jurisdiction in actions between

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties.

However, given that Plaintiff alleges that *both* she and Defendant Miltiadous are citizens of foreign states (Brazil and Australia, respectively), none of these appear to apply.  "Although the federal courts have jurisdiction over an action between 'citizens of a State and citizens or subjects of a foreign state,' 28 U.S.C. § 1332(a)(2), diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants."  *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) (citing *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983).).  That Plaintiff is domiciled in California does not create diversity jurisdiction where both parties are citizens of foreign states.  *See Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 657 (9th Cir. 2014).

Accordingly, Plaintiff is ORDERED SHOW CAUSE as to how the Court has subject matter jurisdiction over this action.  Plaintiff shall file a written response to this Order by April 18, 2016.  The Court shall address this issue among the other issues raised in Plaintiff's motion for default judgment at the hearing scheduled for April 28, 2016 at 9:00 a.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California.

**IT IS SO ORDERED.**

Dated: April 4, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge