UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA CAMARGO,<br><br>    Plaintiff,<br><br>    v.<br><br>MILTON MILTIADOUS,<br><br>    Defendant. | Case No. 14-cv-04490-JSC<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff Carla Camargo, a California resident and citizen of Brazil, filed this action against Defendant Milton Miltiadous, an Australian citizen and resident of Tokyo, Japan, and Does 1-10, alleging claims for libel, invasion of privacy, and false light. Plaintiff alleges that the defendants posted defamatory statements regarding her online and invokes this Court's subject matter jurisdiction based on diversity of citizenship. However, as both Plaintiff and Defendant Miltiadous are citizens of foreign states, diversity jurisdiction does not apply. Because Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction over this action, the Court DISMISSES this action.[1]

**BACKGROUND**

Plaintiff contends that Defendant Miltiadous is responsible for a number of defamatory statements that appeared about her in internet postings on the websites www.ripoffreport.com, http://www.scamexposure.com, www.flickr.com, and www.tumblr.com. (Dkt. No. 1 at ¶¶ 2-3.)

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6, 46.)

1  These posts commenced a month after Plaintiff moved to the United States (she had previously
2  resided in Tokyo where she met Miltiadous).  (*Id.* at ¶¶ 16-25.)  Plaintiff alleges that these
3  statements "falsely and maliciously represent that Plaintiff engaged in wrongful, unlawful and/or
4  unethical acts, including deceiving Defendant and failing to repay a loan." (*Id.* at ¶ 5.)   Plaintiff
5  requested that the websites remove the posts and identify the individual(s) who made the posts,
6  but received no response, although the Tumblr and Flickr posts are no longer accessible. (*Id.* at ¶¶
7  29-31.)  As a result of these statements Plaintiff has lost employment opportunities and the
8  ripoffreport.com post, in particular, was seen by professors at the University of California,
9  Berkeley directly resulting in the loss of prospective employment.  (*Id.* at ¶ 33.)

10       In October 2014, Plaintiff filed a defamation suit in this court against Miltiadous, an
11  Australian citizen and resident of Tokyo, Japan, and Does 1-10 seeking compensatory and
12  punitive damages.  Plaintiff thereafter attempted to serve Defendant through the Japanese Central
13  Authority for nearly a year.  (Dtk. Nos. 16-1 at ¶ 2; 24-1 at ¶ 2.)  During this time, she also sought
14  leave to conduct early discovery regarding the authors of the allegedly defamatory statements who
15  had been named as doe defendants.  (Dkt. Nos. 12, 17, 26.)  Although Plaintiff was granted leave
16  to conduct limited early discovery in this regard, she has not moved to amend the complaint to
17  name any additional defendants.

18       On November 20, 2015—after the action had been pending for over a year without service
19  on any defendant— Plaintiff was ordered to file proof of service of the summons and complaint on
20  Defendant Miltiadous.  (Dkt. No. 29.)  Shortly thereafter, Plaintiff filed an "Affidavit of service
21  for of the summons and complaint" which indicated that Tatushiko Kinoshita served Defendant
22  Miltiadous using "delivery services" on October 30, 2015. (Dkt. No. 30 at ¶ 2.)  Plaintiff thereafter
23  moved for entry of default which was granted.  (Dkt. Nos. 33, 35, 36.)

24       Upon review of Plaintiff's subsequent motion for entry of default judgment (Dtk. No. 39),
25  the Court had questions regarding its subject matter jurisdiction.  Accordingly, on April 4, 2016,
26  Plaintiff was ordered to show cause by April 18, 2016 as to how the Court has subject matter
27  jurisdiction. (Dtk. No. 45.)  Shortly thereafter, Defendant Miltiadous appeared through counsel to
28  oppose Plaintiff's motion for default judgment on the grounds that the Court lacked subject matter

over the action and personal jurisdiction over Defendant. (Dkt. No. 47.) Miltiadous also moved for sanctions against Plaintiff and her counsel pursuant to 28 U.S.C. § 1927. (Dkt. No. 48.) Plaintiff failed to timely respond to the Court's Order to Show Cause, but on April 20 filed a motion seeking to continue the hearing date on the motion for default judgment and for an extension of time to file her reply to the motion for default judgment and the motion for sanctions. (Dkt. No. 52.) Plaintiff's request for an extension omitted any reference to the Court's Order to Show Cause. The Court nonetheless granted Plaintiff's untimely request for an extension of time and set a response deadline of April 28, 2016 for both the Order to Show Cause and her reply on the motion for default judgment. (Dkt. No. 53.) The Court's Order stated "**If counsel does not presently have a good faith basis for contending that the Court has subject matter jurisdiction over this action, Plaintiff's counsel should so state in her response.**" (*Id*. at 2:13-15 (emphasis in original).) Plaintiff failed to file either a response to the Court's Order to Show Cause or a reply on her motion for default judgment by the extended deadline. Indeed, her only filing has been a response to Defendant Miltiadous's motion for sanctions, which was itself a day late.[2]

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. at § 1331. A district court has

---

[2] Defendant Miltiadous filed another motion for sanctions, this time pursuant to Federal Rule of Civil Procedure 11, on April 27, 2016. (Dkt. No. 54.) Plaintiff's response deadline has not yet passed.

1   diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, ... and
2   is between citizens of different states, or citizens of a State and citizens or subjects of a foreign
3   state...." *Id*. § 1332(a)(1)-(2).
4         In her complaint, Plaintiff avers that the Court has diversity jurisdiction pursuant to 28
5   U.S.C. § 1332(a)(4) (Dkt. No. 1 at ¶ 10); however, section 1332(a)(4) only covers actions where
6   the Plaintiff is a "foreign state." *See also* 28 U.S.C. § 1603(a) (defining a "foreign state" as used
7   in section 1332 as "including a political subdivision of a foreign state or an agency or
8   instrumentality of a foreign state"). While Plaintiff is a citizen of a foreign state, she is not herself
9   a foreign state. Thus, to establish subject matter jurisdiction via diversity of citizenship, Plaintiff
10  must satisfy one of the other bases for jurisdiction in Section 1332(a). The remaining subsections
11  of section 1332(a) provides for diversity jurisdiction in actions between

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties.

18  Given that Plaintiff alleges that both she and Defendant Miltiadous are citizens of foreign states
19  (Brazil and Australia, respectively) (Dkt. No. 1 at ¶¶ at 12-13), none of these alternate bases for
20  diversity jurisdiction apply. "Although the federal courts have jurisdiction over an action between
21  'citizens of a State and citizens or subjects of a foreign state,' 28 U.S.C. § 1332(a)(2), diversity
22  jurisdiction does not encompass a foreign plaintiff suing foreign defendants." *Nike, Inc. v.*
23  *Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) (citing *Cheng*
24  *v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983).). Plaintiff's domicile in California does not
25  create diversity jurisdiction given that both parties are citizens of foreign states. *See Matao*
26  *Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 657 (9th Cir. 2014). Further, while there may have
27  been ambiguity when the case was first filed with respect to the citizenship of the doe defendants,
28  Plaintiff never amended her complaint to substitute a real party for any doe defendant and even if

1   she had, this would not cure the jurisdictional defect.  *See Faysound Ltd. v. United Coconut*
2   *Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989).
3         The Court raised the issue of its subject matter jurisdiction with Plaintiff in its Order to
4   Show Cause.  Despite being granted an extension of time to respond to the Order and identify a
5   basis for this Court's jurisdiction, Plaintiff failed to respond at all.  Plaintiff thus does not dispute
6   that subject matter jurisdiction is lacking.  The Court therefore DISMISSES this action for lack of
7   subject matter jurisdiction.
8         In light of this Order, the hearing date on Plaintiff's motion for default judgment (Dkt. No.
9   39) is VACATED and the motion is DENIED as moot. The Court also VACATES the hearing
10  date on Defendant's motions for sanctions (Dkt. Nos. 48 & 54), *see* Civ. L.R. 7-1(b), and will
11  address those motions in a separate order upon completion of the briefing.
12        **IT IS SO ORDERED.**
13  Dated:  May 6, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

5