UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA CAMARGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MILTON MILTIADOUS,<br><br>　　　　　Defendant. | Case No. 14-cv-04490-JSC<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR SANCTIONS**<br><br>Re: Dkt. Nos. 48 & 54 |

Plaintiff Carla Camargo, a California resident and citizen of Brazil, filed this action against Defendant Milton Miltiadous, an Australian citizen and resident of Tokyo, Japan, and Does 1-10, alleging claims for libel, invasion of privacy, and false light. Defendant Miltiadous—the only named defendant—never appeared. After entry of his default, but before entry of default judgment, the Court dismissed the action for lack of federal subject matter jurisdiction because both Plaintiff and Defendant are citizens of foreign states. Defendant, through counsel, has filed separate motions for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Having considered the parties' written submissions, the Court in its discretion DENIES both of Defendant's motions. While Plaintiff's filings in this action were problematic, the Court cannot say that they were frivolous, for an improper purpose, or that they unreasonably and vexatiously multiplied proceedings given that the Court dismissed the action before Defendant entered an appearance.

**BACKGROUND**

Plaintiff alleged that Defendant Miltiadous was responsible for a number of defamatory statements that appeared about her in internet postings on four websites. (Dkt. No. 1 at ¶¶ 2-3.) Plaintiff alleged that the online statements "falsely and maliciously represent that Plaintiff engaged in wrongful, unlawful and/or unethical acts, including deceiving Defendant and failing to repay a loan." (*Id.* at ¶ 5.) Plaintiff requested that the websites remove the posts and identify the individual(s) who made the posts, but received no response. (*Id.* at ¶¶ 29-31.)

In October 2014, Plaintiff filed a defamation suit in this court against Miltiadous, an Australian citizen and resident of Tokyo, Japan, and Does 1-10 seeking compensatory and punitive damages. Plaintiff thereafter attempted to serve Defendant through the Japanese Central Authority for nearly a year. (Dtk. Nos. 16-1 at ¶ 2; 24-1 at ¶ 2.) During this time, she also sought leave to conduct early discovery regarding the authors of the allegedly defamatory statements who had been named as doe defendants. (Dkt. Nos. 12, 17, 26.) Although Plaintiff was granted leave to conduct limited early discovery in this regard, she never moved to amend the complaint to name any additional defendants.

On November 20, 2015—after the action had been pending for over a year without service on any defendant—Plaintiff was ordered to file proof of service of the summons and complaint on Defendant Miltiadous. (Dkt. No. 29.) Shortly thereafter, Plaintiff filed an "Affidavit of service for of the summons and complaint" which indicated that Tatushiko Kinoshita served Defendant Miltiadous using "delivery services" on October 30, 2015. (Dkt. No. 30 at ¶ 2.) Plaintiff thereafter moved for entry of default which was granted. (Dkt. Nos. 33, 35, 36.)

Upon review of Plaintiff's subsequent motion for entry of default judgment (Dtk. No. 39), the Court had questions regarding its subject matter jurisdiction. Accordingly, Plaintiff was ordered to show cause as to how the Court has subject matter jurisdiction. (Dtk. No. 45.) Shortly thereafter, Defendant Miltiadous appeared through counsel to oppose Plaintiff's motion for default judgment on the grounds that the Court lacked subject matter over the action and personal jurisdiction over Defendant. (Dkt. No. 47.) Miltiadous also filed the underlying motions sanctions against Plaintiff and her counsel pursuant to 28 U.S.C. § 1927 and a separate motion

under Rule 11.  (Dkt. Nos. 48 & 54.)   The Court subsequently dismissed the action for lack of subject matter jurisdiction and took the motions for sanctions under submission.  (Dkt. No. 57.)

**DISCUSSION**

The Court's decision whether to impose sanctions under Rule 11 or Section 1927 lies within its discretion.  *See Islamic Shura Council of Southern California v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (Rule 11 sanctions); *Gomez v. Vernon*, 255 F.3d 1118, 1135 (9th Cir. 2001) (section 1927 sanctions).  The Court exercises its discretion here to deny Defendant's motions for sanctions.[1]

**I.      Rule 11**

Defendant contends that he is entitled to Rule 11 sanctions against Plaintiff and her counsel (1) for filing this action despite the Court plainly lacking subject matter jurisdiction, and (2) because counsel's allegations regarding service of process were legally and factually groundless.  Rule 11(b) provides that an attorney in presenting a "pleading, written motion, or other paper" to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (3) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

*Id*.  The court "may impose an appropriate sanction on any attorney, law firm, or party" that violates this rule after notice and a reasonable opportunity to cure the alleged violation.  *See* Fed. R. Civ. P. 11(c).  "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 437 (9th Cir. 1996) (internal citation and quotation marks omitted).  "[T]he central purpose of Rule 11 is to deter baseless

---

[1] The Court retains jurisdiction to entertain a motion for sanctions notwithstanding the Court's lack of subject matter over this action.  *See Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992).

1  filings in district court and...streamline the administration and procedure of the federal courts."
2  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

3  A court considering Rule 11 sanctions should consider whether the party or parties'
4  submissions were "frivolous," "legally unreasonable," or "without factual foundation, even if not
5  filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986)
6  *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990); *see also*
7  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362–65 (9th Cir. 1990) (en banc). "Our
8  cases have established that sanctions [under Rule 11] must be imposed on the signer of a paper if
9  either (a) the paper is filed for an improper purpose, or (b) the paper is 'frivolous.'" *Townsend*,
10  929 F.2d at 1362 (internal citation omitted).   However, courts should be reluctant in imposing
11  sanctions "especially errors in papers filed before an opportunity for discovery." *Greenberg v.*
12  *Sala*, 822 F.2d 882, 887 (9th Cir. 1987).

13  Defendant contends that the jurisdictional defects here were so apparent that Rule 11
14  sanctions are warranted.  He argues that Plaintiff's counsel must have known that subject matter
15  jurisdiction was lacking because both Plaintiff and Defendant are citizens of foreign states and the
16  constitution does not authorize diversity jurisdiction between non-Citizens.  Defendant suggests
17  that counsel knowingly improperly invoked jurisdiction under 28 U.S.C. § 1332(a)(4) which only
18  applies to foreign states, and Plaintiff is an individual, not a foreign state.  Plaintiff's counsel
19  contends that she believed jurisdiction was appropriate because at the time the complaint was filed
20  Plaintiff "had permanent domicile in California with her husband and was admitted to the United
21  States as a permanent resident, making her a resident of California." (Dkt. No. 60-1 at ¶ 3.)
22  Further, counsel attests that at no time has she "filed a pleading containing any statement,
23  argument, or allegation that I knew or reasonably should have known to be false or without merit,
24  nor have I unreasonably or vexatiously filed any document or taken any action in this case for the
25  purpose of multiplying proceedings, causing delay, or any other purpose against the interests of
26  the parties and this Court."  (*Id*. at ¶ 2.)

27  Given counsel's representation here that her jurisdictional allegations were based on a
28  fundamental misunderstanding regarding the nature of the diversity jurisdiction, the Court does

4

1   not find that the allegations were made for an improper purpose or were frivolous. "The court is
2   expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring
3   what was reasonable to believe at the time the pleading ... was submitted." *Greenberg*, 822 F.2d
4   at 887 (quoting Rule 11 Advisory Committee notes). That counsel incorrectly believed that her
5   client's lawful permanent resident status gave rise to diversity jurisdiction, may have been
6   misguided, but it cannot be said to be objectively baseless given the complexities of subject matter
7   jurisdiction.

8   Further, if the lack of jurisdiction was as obvious as Defendant contends, Defendant did
9   not have to file a response to Plaintiff's motion for a default judgment. The Court issued its Order
10  to Show Cause to Plaintiff to explain how the Court has subject matter jurisdiction in light of the
11  alleged citizenship of the parties *before* Defendant filed his opposition to the motion for default.
12  Defendant thus could have filed nothing, confident that the Court would dismiss the action for
13  lack of subject matter jurisdiction since, in Defendant's view, any assertion that the Court had
14  subject matter jurisdiction is frivolous. But Defendant did not sit on the sidelines; instead he filed
15  an opposition to the motion for default addressing the subject matter jurisdiction issue that the
16  Court had already ordered Plaintiff to address. This response suggests that the lack of subject
17  matter jurisdiction was not as obvious as Defendant contends.

18  With respect Defendant's additional basis for sanctions—that is, Plaintiff's allegations
19  regarding service as made in the context of her request for entry of default—Defendant contends
20  that sanctions are warranted because Plaintiff's allegations regarding service are factually
21  incomplete and legally incorrect. The record reflects that Plaintiff made several attempts to serve
22  Defendant in accordance with the Hague Convention: attempting service through the Japanese
23  Central Authority, the mail, and personal service. (Dkt. No. 35.) Plaintiff's counsel attests that
24  she accomplished service in accordance with her understanding of the requirements of the Hague
25  Convention, and that she relied upon local counsel in Japan to assist with service. (Dkt. Nos. 35-1
26  at ¶¶ 2-4; 60-1 at ¶¶ 4-6.) However, as the law review article Defendant cites in support of his
27  arguments regarding the requirements for service notes, there are many "pitfalls" of service in a
28  foreign jurisdiction. G. Brian Raley, *A Comparative Analysis: Notice Requirements in Germany*,

Japan, Spain, the United Kingdom and the United States, 10 ARIZ. J. INT'L & COMP. L. 301, 317, 334 (1993). Under these circumstances, Defendant has not shown that counsel's conduct in attempting service and her allegations regarding service were either frivolous or for an improper purpose. Indeed, it is apparent from Defendant's recent filings that her efforts at notice were ultimately effective; whether they were in accordance with the Hague Convention would be a matter to raise in a motion to set aside default. Given the Court's order dismissing this action before Defendant appeared, however, such a motion is unnecessary.

In sum, "while counsel's conduct in filing the inconsistent allegations might have been negligent or careless, the record does not show that it was in bad faith or for an improper purpose." *Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 963 (N.D. Cal. 2014). Defendant's request for Rule 11 sanctions against Plaintiff and her counsel is therefore denied.

## II.   Section 1927

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 sanctions can only be imposed upon individual attorneys. *Kaass Law Firm v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293-94 (9th Cir. 2015) (citations omitted). For Section 1927 sanctions, "[t]he key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010). A "finding that the attorney recklessly or intentionally misled the court is sufficient to impose sanctions under § 1927, and a finding that the attorneys recklessly raised a frivolous argument which resulted in the multiplication of the proceedings is also sufficient to impose sanctions under § 1927." *Id.* (citations omitted). "[W]ith § 1927 as with other sanctions provisions, [d]istrict courts enjoy much discretion in determining whether and how much sanctions are appropriate." *Haynes v. City & Cnty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012) (internal quotation marks and citation omitted).

Defendant's request for sanctions under Section 1927 is predicated on the same basis as his request under Rule 11 with the additional allegation that counsel's jurisdictional and service

6

1  allegations reveal an effort to intentionally mislead the Court. Defendant also contends that
2  Plaintiff vexatiously prolonged the life of this case through her legally incorrect allegations
3  regarding the statute of limitations. The Court is not persuaded.
4        First, sanctions under section 1927 are improper for matters relating to the complaint. *See*
5  *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) (noting that "§ 1927 cannot
6  be applied to an initial pleading"). Thus, Plaintiff's jurisdictional and statute of limitations
7  allegations as contained in the complaint cannot form a basis for sanctions under section 1927.
8  Second, there is nothing to suggest that counsel's representations regarding service were designed
9  to intentionally mislead the Court so much as they were representations made based on counsel's
10 mistaken or careless reading of the law; however, mere carelessness is not enough to justify
11 sanctions under Section 1927. *See*, *e.g.*, *Navarro v. Gen. Nutrition Corp.*, No. 03-0603 SBA, 2005
12 WL 2333803, at *22 (N.D. Cal. Sept. 22, 2005) (finding that the inclusion of the claim "resulted
13 from a misreading of the relevant statute, and not from malice" and "[w]hile the Court does not
14 condone this type of carelessness, the Court also finds that [counsel's] actions do not rise to the
15 level of sanctionable conduct that § 1927 contemplates.") Finally, counsel's allegations regarding
16 service—even if incorrect—did not unreasonably multiply the proceedings. Although default was
17 entered following counsel's representations regarding service, the Court dismissed the action on
18 its own motion *prior* to entry of default judgment and it raised these issues *prior* to Defendant
19 filing a response to the motion to default judgment; indeed, given the Court's order to show cause
20 to Plaintiff regarding subject matter jurisdiction, it was unnecessary for Defendant to file an
21 opposition to the motion for default judgment, at least until the jurisdictional issue was resolved.
22 That Defendant did so and then filed two motions for sanctions, has itself prolonged this action.
23       The Court cannot conclude on this record that Plaintiff's counsel has unreasonably and
24 vexatiously multiplied these proceedings and the Court thus declines to award sanctions under
25 Section 1927.

## CONCLUSION

27       For the reasons stated above, Defendant's motion for sanctions under Rule 11 (Dkt. No.
28 54) and his motion for sanctions under Section 1927 (Dkt. No. 48) are DENIED.

The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: June 9, 2016

									_____
									JACQUELINE SCOTT CORLEY
									United States Magistrate Judge